UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rayvern Earl Green, #340900, ) | |
| ) | |
| Plaintiff, ) | C/A No. 6:11-2196-JMC-KFM |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| A.J. Padula, Warden; Judge Byars, ) SCDC Director, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Rayvern Earl Green ("Plaintiff"), a state prisoner in the South Carolina Department of Corrections' ("SCDC's") Lee Correctional Institution ("LCI") in Bishopville, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action on a state prisoner complaint form, which is construed as a claim filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff names as Defendants LCI's Warden Padula and SCDC's Director Byars. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### **BACKGROUND**

Plaintiff's Complaint alleges "poor, nasty, and unsafe prison conditions causing monetary damages which I want compensation for pain and suffering." ECF No. 1, p. 2. Plaintiff alleges that, on July 4, 2011, he fell in the shower and broke a bone in his right forearm. Plaintiff alleges that "the main reason I felled [sic] in the first place came from excess soap bacteria and water remaining in the unsanitized showers. This prison has very poor conditions and its dangerously unsafe for inmates living here." ECF No. 1, p. 3.

2

Plaintiff alleges that he was taken to the ER that day, x-rayed, his arm was put in a cast, and "the doctors . . . demanded immediate mandatory surgery done with a follow-up with the orthopedic surgeon." ECF No. 1, p. 3.  Plaintiff alleges that, nine days later on July 13, 2011, surgery was performed by Dr. David E. Koon at Palmetto Richland Health Hospital in Columbia, during which a six-inch metal plate was inserted "inside my arm for the rest of my life.  By this happening my chances for enlisting in the military now is zero to none." ECF No. 1, p. 3.  Plaintiff alleges that he is "primarily right-handed" and that he was in agonizing pain and, because of the cast and sling on his right arm, he was not able to fill out a step one grievance within 15 days of the accident, "so therefore my Step 1's grievances attempts has been undeniably unprocessed as a result under this Agency Policy/Procedure of GA 01.12." ECF No. 1, p. 4.  Plaintiff attaches to his Complaint copies of two Step 1 Grievance Forms (ECF No. 1-1), both of which were returned unprocessed, with no action taken - on August 2 and 10, 2011, respectively - because the first form was not timely filed (Plaintiff dated it 07/04/11, but it was not submitted until 08/01/11, according to SCDC's response).  Plaintiff's first Step I Grievance Form states ""I felled [sic] down inside of the shower . . . because the shower grain [sic] was not graining [sic] properly causing excess soap and water to remain in the shower." ECF No. 1-1, p. 1.  Plaintiff's second Step I Grievance Form was rejected, according to SCDC's response, because Plaintiff's informal resolution attempt was insufficient.  As to the relief he seeks, Plaintiff alleges that he "want(s) to have a 'fair hearing,' win my case, investigate on poor prison conditions here, and get a satisfying settlement check for compensation of pain and suffering after I sue them." ECF No. 1, p. 5.  Plaintiff does not specify the amount of compensation that he would consider to be "satisfying."

3

## DISCUSSION

The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter, and medical care and must take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339-40 (4th Cir. 1997). While deliberate indifference to an inmate's safety is actionable under § 1983, the deliberate indifference must relate to a known, specific risk of harm. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

A negligent failure to protect a prisoner from harm does not violate the constitution. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). *See also Brooks v. Celeste*, 39 F.3d 125 (6th Cir., 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held

4

that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."). Here, Plaintiff fails to show that his Eighth Amendment rights were violated because he has not alleged that Defendants knew of a substantial risk of serious harm to him and consciously disregarded that risk. Plaintiff has presented nothing to show that Defendants knew that Plaintiff was at risk of injury from the alleged "very poor conditions and . . . dangerously unsafe . . . excess soap bacteria and water remaining in the unsanitized showers." ECF No. 1, p. 3.

Moreover, § 1983 liability cannot be imposed vicariously against a supervisory official because the doctrine of *respondeat superior* is generally inapplicable to § 1983 suits. *See Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiffs constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). Here, Plaintiff has failed to make such a showing, and his claim against Defendants Padula and Byars fails.

Plaintiff's Complaint makes no specific factual allegation that Defendants Padula and Byars personally caused Plaintiff harm or that they deliberately disregarded personal knowledge that the alleged unsanitary shower conditions posed a substantial risk of serious harm to Plaintiff, which allegedly led to Plaintiff's slip and fall.  Plaintiff does not allege any facts to show the existence of an affirmative causal link between Defendants' action or inaction and Plaintiff's alleged constitutional injury to show that Defendants' should be liable under § 1983.  In fact, Plaintiff's Complaint makes no factual allegations whatsoever concerning Defendant Padula's and Byars' involvement in, or knowledge of, any aspect of the alleged events of July 4, 2011.  In order to state a claim under § 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown*, *Pa.*, 853 F.2d 1111, 1114 (3d. Cir. 1988).  Thus, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted by this Court against Defendants.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process.

***Plaintiff's attention is directed to the important notice on the next page.***

                s/ Kevin F. McDonald
                United States Magistrate Judge

August 30, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).