# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Rayvern Earl Green, #340900, | ) | |
| | ) | Civil Action No.6:11-cv-02196-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.J. Padula, Warden; Judge Byars, SCDC Director, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 9]. Plaintiff filed the Complaint alleging a claim under 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation, filed on August 30, 2011, recommends that the Complaint [Dkt. No. 1] be dismissed in this case without prejudice and without issuance and service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court accepts the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff, Rayvern Earl Green, is a *pro se* state prisoner seeking relief for alleged violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983 and violations of state law. Specifically, Plaintiff claims that his constitutional rights were violated when the South Carolina Department of Corrections (SCDC) and Lee Correctional Institution's Warden A.J. Padula (Padula) and SCDC's Director Byars (Byars) provided unsafe and inhumane conditions of confinement. After receiving the Magistrate Judge's Report and Recommendation on the pending motion, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, construing the Plaintiff's objection liberally, the court can determine that the objection is meant to challenge the Magistrate Judge's finding that the Complaint failed to state a claim on which relief could be granted. Specifically, Plaintiff argues that Defendants had notice of the allegedly unsanitary conditions in the showers at Lee Correction Institution but did nothing to address those conditions. However, as discussed in the Magistrate Judge's Report and Recommendation, a plaintiff must establish more than mere negligent conduct on the part of Defendants to recover under section 1983. [Dkt. No. 4-5]. As applied to this case, Plaintiff would

2

have to show more than Defendants' prior notice of the unsanitary conditions, but that Defendants' failure to address the unsanitary conditions in the shower constituted deliberate indifference to a known, specific, and substantial risk of serious harm or injury. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Defendants' failure to address the unsanitary conditions, even if prison staff were made aware of such conditions as alleged in Plaintiff's objection [Dkt. No. 14], is an allegation sounding in ordinary negligence and does not meet the heightened standard required for bringing a claim under 42 U.S.C. § 1983.

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 9]. It is therefore **ORDERED** that the Complaint in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 23, 2012